**[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 99-2013

EMMETT S. MULDOON,

Plaintiff, Appellant,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Emmett S. Muldoon on brief pro se.
Donald K. Stern, United States Attorney, and Anita Johnson, Assistant U.S. Attorney, on brief for appellee.

---

June 22, 2000

---

**Per Curiam**.  Plaintiff, a state prisoner, appeals the dismissal of his complaint challenging the constitutionality of the provision of the Social Security Act which disqualifies persons confined pursuant to a felony conviction[1] from receiving social security disability benefits while they are incarcerated.  42 U.S.C. § 402(x) (1998).

On appeal, plaintiff acknowledges that Section 402(x) has been upheld against constitutional challenge by every court to consider the matter, but he argues that the district court erred in relying on those cases.  He urges that his claims are entirely different from those raised and rejected in prior cases.  The "fundamental" basis of his challenge, he explains, is that his due process right to obtain private counsel of his choice is violated by the suspension of these benefit payments.  He wishes to hire counsel to assist him in postconviction proceedings and in

---

[1]Effective April 7, 2000, an amendment enlarges the disqualified class to include those who are confined on or after the effective date pursuant to a conviction for "a criminal offense." 42 U.S.C. § 402(x) (2000).

civil suits connected to his former business.  However, there is no due process right to  government expenditures for such a purpose.

We also apprehend no merit to plaintiff's other claims, which he characterizes as raising similarly unique theories under a myriad of other constitutional provisions, the Rehabilitation Act, and the Americans with Disabilities Act.  There also was no prejudicial error in the district court's failure to rule on plaintiff's motion to amend the complaint by  adding claims under 42 U.S.C. §§ 407(a), (b). The proposed amendment did not state a claim upon which relief could be granted.

Affirmed.